# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Ariana Burton, | 2:24-cv-00782-MMD-MDC |
| Plaintiff(s), | **Order** |
| vs. | |
| Ana Burton, et al., | |
| Defendant(s). | |

Pro se plaintiff Ariana Burton filed a *Motion For An Appointment Of Counsel* ("Motion"). ECF No. 1. Plaintiff has not, however, filed a complaint, paid the filing fee, or filed an application to proceed *informa pauperis* ("IFP").

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."

The Court finds that plaintiff's Motion is premature. Plaintiff has not yet initiated this action as she has not paid the filing fee or filed an IFP application. Since plaintiff has not filed a complaint, the Court is unable to analyze plaintiff's Motion or otherwise determine if she qualifies for pro bono counsel. The Court also notes that plaintiff is no stranger to filing cases in this Court, as she recently filed multiple cases, at least one of which has been dismissed for failure to state a claim.

IT IS SO ORDERED that:

1. Plaintiff's Motion (ECF No. 1) is DENIED without prejudice, with leave to refile, as premature. Plaintiff may renew her motion after she has (1) paid the filing fee or filed an IFP application and (2) filed a complaint.

2. Plaintiff has until **Monday, June 24, 2024**, to pay the filing fee in full or file an IFP

application.

3. Failure to comply with this order may result in a report and recommendation to dismiss this case.

4. Plaintiff is CAUTIONED that if she persists in filing lawsuits that fail to state a claim, it may result in sanctions, including but not limited to being declared a vexatious litigant.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this order may result in dismissal of this case.

It is so ordered.

Dated this 24th day of May 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge